1

2          **E-Filed 12/7/2009**

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10          SAN JOSE DIVISION

11

12

13

14   GREGORY BENDER,                          Case Number C 09-02114 JF (PVT)

15                    Plaintiff,
                                              ORDER DISMISSING ACTION
16          v.                                WITHOUT PREJUDICE

17   LG ELECTRONICS U.S.A., INC., a Delaware  [re: docket nos. 16, 26]
     corporation, NEC CORPORATION FO
18   AMERICA, a Delaware corporation, PIONEER
     ELECTRONICS (USA) INC., a Delaware
19   corporation, and SHARP ELECTRONICS
     CORPORATION, a New York Corporation,
20
                     Defendants.
21

22

23                              I. BACKGROUND

24          Plaintiff Gregory Bender ("Plaintiff") filed the instant action on May 14, 2009 alleging

25   that Defendants LG Electronics U.S.A. ("LG"), Inc., NEC Corporation of America ("NEC"),

26   Pioneer Electronics (USA) Inc. ("Pioneer"), and Sharp Electronics Corporation ("Sharp")

27   performed acts and induced others to perform acts that infringe upon one or more claims of U.S.

28   Patent No. 5,103,188's (the "'188 Patent") in violation of 35 U.S.C. Section 271.  The '188

Patent expired on August 4, 2009, and the instant action is the last of more than twenty lawsuits Plaintiff has filed in this district in 2009 that allege infringement of the '188 Patent.[1]  On October 7, 2009, Pioneer moved to dismiss Plaintiff's claim with prejudice pursuant to Fed. R. Civ. P. 12(b)(5) and 41(b), based upon Plaintiff's failure to serve Pioneer with the complaint within 120 days.  On October 29, 2009, Sharp moved to dismiss the complaint pursuant to Rule 12(b)(6).  On December 3, 2009, Plaintiff filed an amended complaint.[2]

## II. LEGAL STANDARD

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4 ("Rule 4"). *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986) (citation omitted). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial*

---

[1] *Gregory Bender v. Exar Corporation*, C 09-01140 WHA; *Gregory Bender v. Micrel, Inc.*, C 09-01144 SI; *Gregory Bender v. DSP Group, Inc.*, C 09-01145 JW; *Gregory Bender v. Broadcom Corporation*, C 09-01147 MHP; *Gregory Bender v. Advanced Micro Devices, Inc.*, C 09-01149 MMC; *Gregory Bender v. Trident Microsystems, Inc.*, C 09-01150 RMW; *Gregory Bender v. National Semiconductor Corporation*, C 09-01151 JSW; *Gregory Bender v. Maxim Integrated Products, Inc.*, C 09-01152 SI; *Gregory Bender v. Linear Technology Corporation,* C 09-01154 SBA; *Gregory Bender v. Intersil Corporation,* C 09-01155 CW; *Gregory Bender v. Freescale Semiconductor, Inc.*, C 09-01156 MEJ; *Gregory Bender v. STMicroelectronics Corporation*, C 09-01244 MHP; *Gregory Bender v. Motorola, Inc.*, C 09-01245 SBA; *Gregory Bender v. Sony Corporation of America*, C 09-01246 CRB; *Gregory Bender v. Nokia Inc.*, C 09-01247 MMC; *Gregory Bender v. Siemens Corporation*, C 09-01248 SI; *Gregory Bender v. International Business Machines Corporation*, C 09-01249 RMW; *Gregory Bender v. Agilent Technologies, Inc.,* C 09-01250 JF; *Gregory Bender v. Cirrus Logic, Inc.*, C 09-01251 RMW; *Gregory Bender v. AT&T Corporation, et al.*, C 09-01530 WHA; *Gregory Bender v. Hitachi, et al.*, C 09-01532 PJH; *Gregory Bender v. Seagate Technologies, et al.*, C 09-01533 PJH; *Gregory Bender v. Infineon Technologies North America Corp., et al.*, C 09-02112 JW; and *Gregory Bender v. LG Electronics U.S.A. Inc., et al.*, C 09-02114 JF.

[2] Given that Plaintiff filed an amended complaint on December 3, 2009, Sharp's 12(b)(6) motion to dismiss for failure to state a claim is moot.  Fed. R. Civ. P. 15(a) (explaining that a plaintiff can file an amended complaint as a matter of right); *Wentner v. Ridgewood Energy Corp.*, 62 F.3d 1427, 1995 WL 470866, at *1, n. 1(9th Cir. 1995) (concluding that defendant's motion to dismiss the proceeding complaint was rendered moot when plaintiff submitted an amended complaint).  Per the discussion on the record during the December 4 hearing, discovery will be stayed pending the filing of an answer or hearing on a motion to dismiss the amended complaint.

1   *Workers Union, Locals 197, 373, 428, 588, 775, 839, 870, 1119, 1179, and 1532 v. Alpha Beta*

2   *Co.,* 736 F.2d 1371, 1382 (9th Cir.1984).  "However, neither actual notice nor simply naming the

3   defendant in the complaint will provide personal jurisdiction without 'substantial compliance

4   with Rule 4.'"  *Benny*, 799 F.2d at 492.  "Once service is challenged, plaintiffs bear the burden of

5   establishing that service was valid under Rule 4."  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th

6   Cir. 2004).  "If a defendant is not served within 120 days after the complaint is filed, the

7   court–on motion or on its own after notice to the plaintiff–must dismiss the action without

8   prejudice against that defendant or order that service be made within a specified time.  But if the

9   plaintiff shows good cause for the failure, the court must extend the time for service for an

10  appropriate period." Fed. R. Civ. P. 4(m).

11          "If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil

12  Procedure]...a defendant may move to dismiss the action or any claim against it...Unless the

13  dismissal order states otherwise, a dismissal under this subdivision (b)...operates as an

14  adjudication on the merits." Fed. R. Civ. 41(b).  The Ninth Circuit "has consistently held that the

15  failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a

16  showing of actual prejudice to the defendant from the failure.  *Id.* at 524, citing *Alexander v.*

17  *Pacific Maritime Ass'n*, 434 F.2d 281 (9th Cir. 1970); *Pearson v. Dennison*, 353 F.2d 24 (9th

18  Cir. 1968).

19                              **III. DISCUSSION**

20          **A. Motion to Dismiss Pursuant to Rule 12(b)(5)**

21          Pioneer contends that the action should be dismissed based upon Plaintiff's failure to

22  serve Pioneer with the complaint within 120 days as required by Fed. R. Civ. P. 4(m).  *Id.*

23  (indicating that "[i]f a defendant is not served within 120 days after the complaint is filed, the

24  court–on motion or on its own after notice to the plaintiff–must dismiss the action without

25  prejudice against that defendant or order that service be made within a specified time").  Because

26  Plaintiff filed the instant action on May 14, 2009, the 120-day period within which service was to

27  be effected ended on September 11, 2009.  Pioneer indicates that it has yet to be served.  Plaintiff

28  concedes that he has failed to serve Pioneer with the complaint, but states in his opposition

3

1    papers that "Pioneer is being served." Dkt. 35 at 4.

2        If a plaintiff fails to effect service within 120 days but demonstrates good cause for such

3    failure, the Court must extend the time period in which to serve the defendant. *See In re*

4    *Sheehan*, 253 F.3d 507 (9th Cir. 2001), citing *Boudette v. Barnette*, 923 F.2d 754, 755-56 (9th

5    Cir. 1999). "At a minimum, 'good cause' means excusable neglect. A plaintiff may also be

6    required to show the following: (a) the party to be served personally received actual notice of the

7    lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely

8    prejudiced if his complaint were dismissed." *Boudette*, 923 F.2d at 755-56.

9        Plaintiff's excuse for failure to provide service is that the failure was an "oversight." Dkt.

10   35 at 2. Pioneer argues that Plaintiff's failure cannot be considered an "oversight," let alone

11   excusable neglect, given Pioneer's efforts to determine if Plaintiff in fact was prosecuting this

12   action against it. Foster Decl., ¶ 9, Ex. B. During the last week of July and again during the first

13   week of August, counsel for Pioneer, Daniel Foster, attempted to contact counsel for Plaintiff,

14   David Kuhn, to learn if Plaintiff planned to proceed with his action against Pioneer. Foster

15   alleges that Kuhn did not return any of Foster's calls despite Foster having left a voicemail

16   message. *Id.* Pioneer asserts that Foster also emailed Kuhn on August 6, 2009 and called him

17   again on September 23, 2009, and that it never received a response to either communication. *Id.*

18   ¶¶9, 10, Ex. B. Pioneer also claims that during a conversation on September 25, 2009, Kuhn

19   indicated that he would call Foster back that afternoon with proof that Pioneer had been served.

20   *Id.* ¶ 11. Foster states that Kuhn did not call him back that afternoon, and that they subsequently

21   conducted the same exchange on September 28, 2009 to no avail. *Id.* ¶ 12. Pioneer's argument

22   that Plaintiff's failure to serve Pioneer does not constitute excusable neglect is persuasive.[3]

23       The parties also dispute whether Pioneer has been prejudiced by Plaintiff's actions.

24   Pioneer contends that it has dedicated its resources by retaining counsel, expending time and

25   ────────────────

26       [3] Kuhn asserted on the record at the December 4 hearing that he believed Pioneer had
     been served by the process server he employed, but that he learned only later that such service

27   was not successful because Pioneer had no agent for service of process in California. However,
     Pioneer does have an agent for service of process in California. The name and address of its

28   agent is in the record as Exhibit A appended to Pioneer's reply papers.

1   money and conducting investigations into the alleged claims of the complaint. *Id*. ¶ 16.  It argues

2   that Plaintiff's continued failure to effect service has left it in limbo, with contradictory signs as

3   to whether Plaintiff would proceed with the instant action.  Plaintiff claims that Pioneer has not

4   suffered any real prejudice because it has known about the instant lawsuit for months, its ability

5   to defend the case on the merits has not been impaired, and it has not shown any type of legal

6   prejudice.

7          While it agrees with Pioneer that Plaintiff's failure to effect service cannot be

8   characterized as an "oversight," the Court agrees with Plaintiff that Pioneer has not demonstrated

9   the type of harm that would warrant dismissal of the action with prejudice.  *See infra* III.B.

10  Pioneer did in fact learn of the action within the 120-day period provided in Rule 4(m), and it has

11  not shown how its ability to defend itself has been compromised.  *Boudette,* 923 F.2d at 756.  At

12  the same time, the Court is unsympathetic to Plaintiff's argument that he would be harmed even

13  by a dismissal without prejudice because he would "lose the benefit of the time from May 14,

14  2009, to now in terms of the statutory six-year look-back limitation on damages provided by 35

15  U.S.C. 286."  Dkt. 35 at 5.  This Court agrees with Judge Patel's determination in *Bender v.*

16  *Broadcom Corp.*, 3-09-01147 MHP, 2009 WL 3571286, (N.D. Cal. Oct. 10, 2009), that because

17  "Plaintiff waited until the last months of his patent's validity to bring suit, he cannot be heard to

18  complain that he is severely prejudiced when a dismissal without prejudice results in a slight

19  reduction in his potential damages." *Id.* at 4.

20          **B. Motion to Dismiss with Prejudice Pursuant to Rule 41(b)**

21          The Court considers five factors in determining whether to dismiss a case as a sanction

22  under Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's

23  need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability

24  of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

25  *Pagtalunan v Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), citing *Ferdik v. Bonzelet*, 963 F.2d

26  1258, 1260-61 (9th Cir. 1992)..

27          As to the first factor, "[t]he public's interest in expeditious resolution of litigation always

28  favors dismissal." *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir.1999). Given

1   Plaintiff's failure to pursue his case against Pioneer for almost seven months, this factor clearly

2   weighs in favor of dismissal.  As to the second factor, "[t]he trial judge is in the best position to

3   determine whether the delay in a particular case interferes with docket management and the

4   public interest." *Id.*  While the Court's docket is heavy, the instant case is proceeding against

5   other defendants, and therefore this factor weighs against dismissal.  As to the third factor, as

6   discussed above, Pioneer has not been unduly prejudiced by the delay of service.  *See contra*

7   *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976) (citations omitted) (affirming the

8   district court and finding that the "deaths [of two of the defendant directors] within six months

9   after service...prevented them from contributing significantly to the defense" and that

10  "defendants were also found to be prejudiced because they did not participate in early discovery

11  proceedings and they were a year behind the other parties in both their knowledge of and

12  preparation for the case").  With respect to the fourth factor, less drastic alternatives to dismissal

13  are available; as in *Broadcom*, dismissal of the instant complaint without prejudice will serve as

14  a meaningful sanction for Plaintiff's lack of diligence.  The complaint that is the subject of this

15  motion is no longer operative, and the Court will order Plaintiff to serve Pioneer properly both

16  with a summons and with the operative amended complaint.  As to the final factor, "public policy

17  favors disposition of cases on the merits.  Thus this factor weighs against dismissal."

18  *Pagtalunan*, 291 F.3d at 643, citing *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir.

19  1998).  Because four out of the five factors weigh against dismissal pursuant to Rule 41(b), the

20  Court will deny Pioneer's motion pursuant to that Rule.[4]

21                                              **IV.  ORDER**

22          Good cause therefor appearing, the motion to dismiss pursuant to Rule 12(b)(5) is

23  GRANTED, and the motion to dismiss with prejudice pursuant to Rule 41(b) is DENIED.

24  Plaintiff shall serve Pioneer with a summons and the amended complaint pursuant to Fed. R. Civ.

25  P. 4(m).

26

27

28

        [4]  Pioneer's motion for attorney's fees also will be denied.

                                                    6

1    IT IS SO ORDERED.

2

3    DATED: December 7, 2009

4

5    _____

6    JEREMY FOGEL
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Number C 09-02114 JF (PVT)
ORDER DISMISSING ACTION WITHOUT PREJUDICE
(JFLC1)