1    Greg L. Lippetz (State Bar No. 154228)
     glippetz@jonesday.com
2    Cora L. Schmid (State Bar No. 237267)
     cschmid@jonesday.com
3    JONES DAY
     1755 Embarcadero Road
4    Palo Alto, CA  94303
     Telephone:     650-739-3939
5    Facsimile:     650-739-3900

6    Attorneys for Sharp Electronics
     Corporation

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   Gregory Bender,                      Case No. C09-02114 JF

13              Plaintiff,                **SHARP ELECTRONICS
                                          CORPORATION'S RULE 12(B)(6)
14        v.                              MOTION TO DISMISS GREGORY
                                          BENDER'S AMENDED COMPLAINT
15   LG Electronics U.S.A., Inc.,         AGAINST SHARP FOR FAILURE TO
     NEC Corporation of America,          STATE A CLAIM OR FOR A MORE
16   Pioneer Electronics (USA) Inc., and  DEFINITIVE STATEMENT**
     Sharp Electronics Corporation,
17                                        **Date:      February 26, 2010**
              Defendants.                 **Time:      9:00 a.m.**
18                                        **Place:     Ctrm 3, 5th Floor**
                                          **Judge:     Hon. Jeremy Fogel**
19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................... 1

II.   RELEVANT FACTS ...................................................................................................... 2

III.  ARGUMENT ................................................................................................................. 6

    A.    Bender's Amended Complaint Lacks Sufficient Factual Matter To State A Plausible Claim To Relief ...................................................................................... 6

        1.    Supreme Court Precedent Directs That Bender's Amended Complaint Should Be Dismissed For Lack Of Sufficient Factual Allegations ............................................................................................... 6

        2.    Persuasive Authority Addressing Patent Actions Also Supports The Dismissal Of Bender's Amended Complaint For Lack Of Sufficient Factual Matter ................................................................................ 8

    B.    The Requirement That A Complaint Be Dismissed If It Lacks Sufficient Facts Provides Crucial Protection And Notice For Defendants........................... 11

        1.    Bender Has Not Plead Sufficient Factual Matter To Require Sharp To Incur The Costs Of Discovery ............................................................ 11

        2.    Identification Of Specific Sharp Products Alleged To Infringe Is Information That Rule 11 Required Bender To Have Before Bringing Suit .............................................................................................. 12

        3.    Sharp Is Entitled To Fair Notice Of What Products Are Accused Of Infringement So That It Can Defend This Suit. ......................................... 13

    C.    If Bender's Infringement Allegations Against Sharp Are Not Dismissed, Sharp Seeks A More Definite Statement Pursuant To Rule 12(e) ....................... 15

IV.   CONCLUSION ........................................................................................................... 17

# TABLE OF AUTHORITIES

**Page**

<u>**Cases**</u>

*Agilent Techs., Inc. v. Micromuse, Inc.*,
  No. 04 Civ. 3090 (RWS), 2004 U.S. Dist. LEXIS 20723 (S.D.N.Y. Oct. 19,
  2004) ........................................................................................................................... 16

*AntiCancer Inc. v. Xenogen Corp.*,
  248 F.R.D. 278 (S.D. Cal. Aug. 13, 2007) ........................................................................... 11

*Antonious v. Spalding & Evenflo Cos.*,
  275 F.3d 1066 (Fed. Cir. 2002) ............................................................................................ 3

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) .................................................................................................. passim

*Bay Indus. v. Tru-Arx Mfg.*,
  No. 06-C-1010, 2006 U.S. Dist. LEXIS 86757 (E.D. Wis. Nov. 29, 2006) .............. 14, 15, 16

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................................... passim

*Bender v. Nat'l Semiconductor Corp.*,
  No. C 09-01151 JSW, 2009 U.S. Dist. LEXIS 113506 (N.D. Cal. Dec. 7. 2009) ................. 11

*C & F Packing Co., Inc. v. IBP, Inc.*,
  224 F.3d 1296 (Fed. Cir. 2000) ............................................................................................ 8

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994) ................................................................................................. 8

*Colida v. Nokia, Inc.*,
  2009-1326, 2009 U.S. App. LEXIS 21909 (Fed. Cir. Oct. 6, 2009) .................................. 8, 9

*Conley v. Gibson*,
  355 U.S. 41 (1957) ............................................................................................................... 13

*eSoft, Inc. v. Astaro Corp.*,
  No. 06-cv-00441-REB-MEH, 2006 U.S. Dist. LEXIS 52336 (D. Colo. July 31,
  2006) ................................................................................................................................ 15, 16

*Gonzales v. Texaco Inc.*,
  No. C 06-02820-WHA, 2007 U.S. Dist. LEXIS 81222 (N.D. Cal. Oct. 16,
  2007) ..................................................................................................................................... 3

*Hewlett-Packard Co. v. Intergraph Corp.*,
  No. C 03-2517 MJJ, 2003 U.S. Dist. LEXIS 26092 (N.D. Cal. Sept. 6, 2003) ............... 10, 11

*Judin v. United States*,
  110 F.3d 780 (Fed. Cir. 1997) ............................................................................................. 13

**TABLE OF AUTHORITIES**
(continued)

Page

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007) ........................................................................ 8, 9, 10

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
521 F.3d 1097 (9th Cir. 2008) ................................................................................... 8

*Micromesh Tech. Corp. v. Am. Recreation Prods, Inc.*,
No. C-06-6030-MHP, 2007 U.S. Dist. LEXIS 64241 (N.D. Cal. Aug. 29,
2007) .......................................................................................................................... 3

*Network Caching Tech., LLC v. Novell, Inc.*,
No. C-01-2079-VRW, 2002 U.S. Dist. LEXIS 26098 (N.D. Cal. Aug. 13,
2002) ........................................................................................................................ 13

*Papasan v. Allain*,
478 U.S. 265 (1986) .................................................................................................. 6

*Papst Licensing GmbH Patent Litig.*,
MDL 1298, 2001 US. Dist. LEXIS 2255 (E.D. La. Feb. 22, 2001) ...................... 16

*Sefton v. Jew*,
204 F.R.D. 104 (W.D. Tex. 2000) .......................................................................... 15

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) .................................................................................... 6

*Swierkiewicz v. Sorema NA.,*
534 U.S. 506 (2002) ................................................................................................ 15

*Taurus IP, LLC v. Ford Motor Co.*,
539 F. Supp. 2d 1122 (W.D. Wis. 2008) ............................................................... 16

*Tietsworth v. Sears, Roebuck, and Co.*,
No. 5:09-CV-00288 JF (HRL), 2009 U.S. Dist. LEXIS 98532 (N.D. Cal. Oct.
13, 2009) .................................................................................................................... 6

*Tseng v. Marukai Corp.*,
Case No. SACV 09-0968 AG (RNBx), 2009 U.S. Dist. LEXIS 112124 (C.D.
Cal. Nov. 13, 2009) ................................................................................................. 11

*View Eng'g, Inc. v. Robotic Vision Sys., Inc.*,
208 F.3d 981 (Fed. Cir. 2000) ........................................................................... 12, 13

**<u>Statutes</u>**

Fed. R. Civ. P. 8 ............................................................................................................ 15

Fed. R. Civ. P. 11 .................................................................................................. passim

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1, 8

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3    Fed. R. Civ. P. 12(e) ............................................................................................................... 1, 15

4    Fed. R. Civ. P. 16 ...................................................................................................................... 10

5    **Other Authorities**

6    Patent L. R. 3-1 ............................................................................................................................ 3

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHARP'S NOTICE AND MOTION TO DISMISS
CASE NO. C 09-02114 JF

1

**NOTICE OF MOTION**

2  PLEASE TAKE NOTICE that on February 26, 2010, at 9:00 a.m., or as soon thereafter as

3  this matter may be heard, in Courtroom 3, 5th Floor of the United States District Court for the

4  Northern District of California, San Jose Division, located at 280 South First Street, San Jose,

5  California, the Honorable Jeremy Fogel presiding, defendant Sharp Electronics Corporation,

6  ("Sharp") will and hereby does move the Court for an order dismissing plaintiff Gregory

7  Bender's ("Bender's") Amended Complaint against Sharp for failure to state a claim, made

8  pursuant to Fed. R. Civ. P. 12(b)(6).  This motion is based on this Notice of Motion and Motion,

9  the accompanying Memorandum of Points and Authorities in Support thereof, the Declaration of

10  Cora L. Schmid and exhibits thereto, all pleadings and papers filed in this action, and upon such

11  other matters as may be presented to the Court at the time of the hearing.

12

**RELIEF REQUESTED**

13  1)  Sharp seeks an order dismissing Bender's Amended Complaint against Sharp.

14  2)  If the Court declines to dismiss Bender's Amended Complaint, Sharp seeks an

15  order that, pursuant to Fed. R. Civ. P. 12(e), Bender must provide a more definite statement of his

16  infringement allegations, including identification of accused products.

17

**ISSUES PRESENTED**

18  The issue to be decided is whether Bender's Amended Complaint contains sufficient

19  factual allegations to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) in light of the

20  standard articulated by the Supreme Court in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) and *Bell*

21  *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

22

**MEMORANDUM OF POINTS AND AUTHORITIES**

23  **I.    INTRODUCTION**

24  Less than 24 hours before the hearing on Sharp's previous motion to dismiss Bender's

25  Complaint for failure to state a claim, Bender filed an Amended Complaint.  However, Bender's

26  amendment did nothing to correct the fundamental insufficiency of his Complaint.  Instead,

27  Bender's Amended Complaint still contains only conclusory allegations of patent infringement

28  without any specific factual allegations.  It still fails to identify even a single specific Sharp

1   product accused of infringement.  Absent such specific factual allegations, certified under Fed. R.

2   Civ. P. 11 as having or being likely to have evidentiary support, Bender's Amended Complaint

3   against Sharp fails to put Sharp on fair notice of Bender's claims against it and should not

4   proceed past the pleading stage.

5   **II.    RELEVANT FACTS**

6       Bender's original Complaint, filed on May 14, 2009, accused a wide array of electronic

7   devices of infringing "without limitation, claims 8-14 and 29-46," of U.S. Patent No. 5,103,188

8   ("the '188 patent").  The accused categories included "without limitation," Sharp's

9           cell phones, computers, network drivers, high definition television
            sets, ultrasound machines, MRI machines, lab equipment, arbitrary
10          waveform generators, audio amplifiers, video amplifiers, hard disc
            drives, ADC/DAC converters, DVD-RW players, DSL modems,
11          CCD cameras, satellite communication technology, and other
            products where high performance, high speed analog circuits are
12          used, and/or components thereof.

13   (D.I. 1 at ¶ 26.)[1]  Sharp moved to dismiss the Complaint for lack of specificity on October 29,

14   2009.  (D.I. 26.)  Bender opposed the motion, asserting both that his "complaint conforms to the

15   pleading requirements," and also providing a possible amendment to his Complaint.  (D.I. 34 at 5-

16   6.)  Sharp explained in its reply that Bender's proposed amendment would not address Sharp's

17   concerns with Bender's Complaint.  (D.I. 38 at 7.)  Ultimately, Bender demonstrated his disregard

18   for burdens placed on others by waiting until less than 24 hours before the hearing to file an

19   Amended Complaint.  (*See* D.I. 40.)  This action mooted Sharp's previous motion ***after*** both

20   Sharp and the Court had prepared for the hearing.  (*See* D.I. 44 at 2:24-28.)  Further, Bender filed

21   the very amendment that Sharp had already indicated in its reply it still believed was insufficient.

22       Indeed, Bender's Amended Complaint still does not focus his laundry list of electronic

23   devices into actual accused Sharp products.  Rather, instead of narrowing his conclusory

24   allegations, Bender merely added even more categories at the end of his previous list, including,

25   again "without limitation," Sharp's:

26

27       [1] Unless otherwise noted, D.I. numbers refer to Docket Item numbers in the present
28   action.

SHARP'S NOTICE AND MOTION TO DISMISS
CASE NO. C 09-02114 JF

Sharp Liquid Crystal Display TVs, Blu-ray Disc Players, Point of Sale Systems, Copy Machines, Fax Machines, Audio Products such as iPOD Docking Stations, and Home Theater Projectors.

(D.I. 40 at ¶ 26.)  Adding broad categories such as audio products and fax machines does nothing to correct Bender's conclusory allegations.

Bender's failure to allege sufficient facts was not an accident, but the apparent result of a failure to perform a sufficient pre-filing Rule 11 investigation.[2]  Bender initially sued 37 defendants in 24 lawsuits in this district in 2009, and in each suit, Bender submitted complaints that provide either the barest description of an accused device, or fail to name an accused device at all.  (*See, e.g.,* Amended Complaint from *Bender v. DSP*, Schmid Decl. Ex. A.)  To date Bender has voluntarily dismissed his suits against five of these defendants, before the defendants were even served.  Bender failed to properly serve several other defendants within the required timeframe, which has resulted in dismissals of the cases against an additional three defendants.  In Rule 26 conferences conducted, and in at least one Case Management Conference, Bender's counsel has requested that the Patent Local Rules be turned on their head to force defendants to produce schematics and other technical information before Bender is required to serve his infringement contentions under Patent L. R. 3-1.  (*See* Comment Re Motion to Relate Cases from *Bender v. Exar*, Schmid Decl. Ex. B at pp. 1-2; Excerpt of Transcript of Proceedings from *Bender v. Exar*, Schmid Decl. Ex. C at 13:18 – 14:11.)  At least one other Court has already admonished Bender on his apparent lack of due diligence, stating that Bender "should have hired legions of people to go out and reverse engineer these things.  And it's his own problem if he doesn't know why it's infringement."  (Excerpt of Transcript of Proceedings from *Bender v. Exar*, Schmid Decl. Ex. C at 15.)  Bender has now served his initial infringement contentions in several of these

---

[2]  Under Rule 11 a plaintiff's attorney must "compare the accused device with the construed patent claims."  *Antonious v. Spalding & Evenflo Cos.,* 275 F.3d 1066, 1073-74 (Fed. Cir. 2002) (Rule 11 requires "actual evidence uncovered during the prefiling investigation, that each claim limitation reads on the accused device"); *see also Gonzales v. Texaco Inc.*, No. C 06-02820-WHA, 2007 U.S. Dist. LEXIS 81222, at *35 (N.D. Cal. Oct. 16, 2007) ("Counsel were obligated to investigate *first* and sue *second*, not the other way around.") (emphasis in original); *Micromesh Tech. Corp. v. Am. Recreation Prods, Inc.*, No. C-06-6030-MHP, 2007 U.S. Dist. LEXIS 64241, at *11-12 (N.D. Cal. Aug. 29, 2007) (a plaintiff must not only obtain samples of the accused product, but also analyze the product samples).  Indeed, further factual development may lead Sharp to file a separate Rule 11 challenge.

1    24 actions and, instead of including the required chart "identifying specifically where each
2    limitation of each asserted claim is found within each Accused Instrumentality," Bender merely
3    included bald assertions for each purported element in question, such as "[t]his element is located
4    on the integrated circuit contained in the product."  (*See, e.g.*, Infringement Contentions Claim
5    Charts from *Bender v. Maxim*, Schmid Decl. Ex. D.)  To date seven defendants in the other suits
6    have filed motions to compel infringement contentions that comply with Patent L.R. 3-1, and to
7    date two such motions have been granted.  (*See, e.g.*, Orders from *Bender v. Intersil* and *Bender*
8    *v. IBM*, Schmid Decl. Exs. E and F.)

9         Bender seems to be guessing that Sharp – and the more than 25 other defendants he has
10   accused of infringement on similar complaints – are somehow, somewhere, selling products that
11   contain circuits that fall within his claims.  Based solely on his guess, he is asking this Court to
12   subject Sharp to expensive, time-consuming discovery.  Bender's approach is akin to having a
13   patent on a special kind of light bulb, walking down the street at night and seeing lights on in
14   people's homes, and then suing them all, demanding that he be allowed into the homes to inspect
15   each light bulb.

16        While Bender's purported invention relates to a specific type of analog amplifying circuit,
17   rather than a specific type of light bulb, the point is the same.  Just as there are many different
18   types of light bulbs, including incandescent, fluorescent, and incandescent, there is a broad field
19   of prior art for amplifying circuits – several of the claims of the '188 patent were recently rejected
20   on reexamination by the U.S.P.T.O. in light of some of this prior art.[3]  (*See* Excerpt of U.S.P.T.O.
21   Office Communication, Schmid Decl. Ex. G.)  And just as it is an improper conclusory allegation
22   that any home with lights on is using a particular type of light bulb, Bender's assertions that
23   Sharp must be infringing his patent because it sells products with "high performance, high speed
24   analog circuits" that somehow contain or utilize a "buffered transconductance amplifier," a

25        _____
26        [3] On October 3, 2008, the U.S.P.T.O. rejected six of the ten independent claims of the
     '188 patent over prior art in a non-final office action, to which the Applicant did not respond.
27   The examiner found that the prior art discloses an electrical circuit for amplifying complex
     signals, including the elements of these claims in their claimed configurations.  Only certain
     specific embodiments of the Applicant's amplifier were allowed over the prior art.  (*See* Excerpt
28   of U.S.P.T.O. Office Communication, Schmid Decl. Ex. G at pp. 3-37.)

1  "current feedback amplifier," a "high-gain current feedback amplifier," or a "voltage feedback

2  amplifier," is an improper conclusion.  (*See* D.I. 40 at ¶ 26.)  Merely alleging that someone is

3  home, with the lights on, says nothing about the minute factual characteristics of that person's

4  light bulbs.  Similarly, a claim that Sharp uses "high performance, high speed analog circuits"

5  says nothing about whether Sharp is using the very specific types of circuits described in the

6  claims of Bender's patent, such as an electrical circuit having:

> a first input buffer, having a single, non-inverting input of high
>     impedance, an open loop voltage gain not exceeding unity, and a
>     low impedance output;
> a first current rail traversing through said first input buffer for
>     supplying currents to said first buffer's low impedance output;
> a pair of opposing current mirrors whose inputs are connected to
>     said first current rail of said first input buffer and whose outputs
>     are combined together;
> a load resistor connected to output of said first input buffer, the
>     combination of said first buffer, said opposing current mirrors
>     and said load resistor forming a first input stage;
> a second input stage, similar in form and function to said first input
>     stage, wherein the input of said second input stage is connected
>     to the combined outputs of the opposing current mirrors of said
>     first input stage;
> a third output buffer having a single, non-inverting input and a low
>     impedance output and transversing current rail is attached to the
>     combined current mirror outputs of said second input stage;
> dual voltage supply rails for driving said first and second input
>     stages and said third output buffer; and
> feedback means connecting a final output to the load resistors of at
>     least one of said first and second input stages.

(D.I. 1-2 at 29, claim 8.)  Missing from Bender's Amended Complaint against Sharp are any

factual allegations about specific products, verified under Rule 11 as having or being likely to

have evidentiary support, showing that such products in fact employ something Bender claimed.

Without such factual support, Bender's conclusory allegations are not entitled to a presumption of

truth, and his remaining allegations do not support a plausible cause of relief.  "Where a

complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the

line between possibility and plausibility of entitlement to relief."  *Iqbal*, 129 S. Ct. at 1949

(quotations omitted).   Bender's entire Complaint against Sharp should be dismissed.

III.    **ARGUMENT**

A.    **Bender's Amended Complaint Lacks Sufficient Factual Matter To State A Plausible Claim To Relief.**

1.    **Supreme Court Precedent Directs That Bender's Amended Complaint Should Be Dismissed For Lack Of Sufficient Factual Allegations.**

"To survive a motion to dismiss, a complaint must contain sufficient ***factual matter***, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 570) (emphasis added) (citation omitted).  Allegation of specific factual matter is crucial because "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 129 S. Ct. at 1949 ("[T]he tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (the Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"); *Tietsworth v. Sears, Roebuck & Co.*, No. 5:09-CV-00288 JF (HRL), 2009 U.S. Dist. LEXIS 98532, at *10 (N.D. Cal. Oct. 13, 2009) (same).

The Supreme Court has thus advised that courts considering a motion to dismiss should undertake a "two-pronged approach." *Iqbal*, 129 S. Ct. at 1950.  They should "begin by identifying [pleadings] that, because they are mere conclusions, are not entitled to the assumption of truth." *Id*. at 1940.  Second, they should examine whether the remaining "well-pleaded, ***nonconclusory factual allegation[s]*** . . . g[ive] rise to a ***plausible" cause of action***, dismissing the action if they do not.  *Id*. at 1950 (emphasis added).  Further, the Supreme Court held this approach to evaluating the sufficiency of pleadings applies to "all civil actions." *Iqbal*, 129 S. Ct. at 1953 (*citing Twombly* 550 U.S. at 555-56).

Applying these rules in the *Iqbal* case, the Supreme Court held that allegations in a complaint that defendants "'knew of, condoned, and willfully and maliciously agree to subject [plaintiff]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his]

1   religion, race, and/or national origin and for no legitimate penological interest,'" were

2   "conclusory and not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951.  The court

3   emphasized that "[i]t is the conclusory nature of respondent's allegations, rather than their

4   extravagantly fanciful nature, that disentitles them to the presumption of truth." *Id*.  When

5   considering the remaining factual allegations of the complaint without the conclusory ones, the

6   court found that the remaining complaint alone did not allege a plausible cause of action. *Id.* at

7   1952.

8           Similarly, in *Twombly*, the Supreme Court found that "a conclusory allegation of

9   agreement at some unidentified point," was only a "legal conclusion," and so was not entitled to

10  the assumption of truth. *Twombly,* 550 U.S. at 555-57.  The court then found that the other,

11  factual, allegations alone failed to offer sufficient factual allegations plausibly supporting the

12  required element of unlawful agreement.  *Id.* at 556-57 ("[A] conclusory allegation of agreement

13  at some unidentified point does not supply facts adequate to show illegality," because the

14  complaint did not allege "enough factual matter (taken as true) to suggest that an agreement was

15  made.").

16          In the instant case, instead of providing proper notice, Bender's Amended Complaint only

17  alleges that Sharp infringes by selling unspecified products – a pure legal conclusion that is not

18  entitled to the presumption of truth.  Specifically, paragraph 26 of Bender's Amended Complaint

19  contains Bender's sole substantive allegation against Sharp – a sweeping accusation of, "without

20  limitation," Sharp's

21          cell phones, computers, network drivers, high definition television
            sets, ultrasound machines, MRI machines, lab equipment, arbitrary
22          waveform generators, audio amplifiers, video amplifiers, hard disc
            drives, ADC/DAC converters, DVD-RW players, DSL modems,
23          CCD cameras, satellite communication technology, and other
            products where high performance, high speed analog circuits are
24          used, and/or components thereof; by way of example and without
            limitation such Sharp products include Sharp Liquid Crystal
25          Display TVs, Blu-ray Disc Players, Point of Sale Systems, Copy
            Machines, Fax Machines, Audio Products such as iPOD Docking
26          Stations, and Home Theater Projectors.

27  (D.I. 40 at ¶ 26.)  While Bender has identified many categories of electronic devices, he has not

28  identified ***even one specifically accused Sharp product***.  This allegation that Sharp has had

SHARP'S NOTICE AND MOTION TO DISMISS
CASE NO. C 09-02114 JF

1    unidentified products that fall into these categories during an unidentified time period is nothing

2    more than a legal conclusion.

3         Bender's conclusory allegation of infringement is not more specific than the conclusory

4    allegations that a defendant had knowledge of various acts in the *Iqbal* case.  *See Iqbal*, 129 S. Ct.

5    at 1951.  Nor is it more specific than the conclusory allegations that certain parties were in

6    agreement.  *Twombly,* 550 U.S. at 555-56.  Indeed, as in *Iqbal* and *Twombly*, "the conclusory

7    nature of [Bender's] allegations . . . disentitles them to the presumption of truth."  *Iqbal*, 129 S.

8    Ct. at 1951.  The Supreme Court held that to survive a motion to dismiss *Iqbal* would have

9    needed to allege "***factual*** allegation sufficient to plausibly suggest petitioners' discriminatory

10   state of mind."  *Iqbal*, 129 S. Ct. at 1952 (emphasis added).  It similarly held that *Twombly* would

11   have needed to allege a "***specific time, place, or person*** involved in the alleged conspiracies."

12   *Twombly*, 550 U.S. at 565 (emphasis added).  Similarly here, without identification by product

13   name or number of which specific Sharp products Bender alleges infringe his patent, Bender's

14   allegation is pure conclusion and is not entitled to the presumption of truth.  As Bender has no

15   other factual allegations regarding infringement, his entire Amended Complaint against Sharp

16   should not survive this motion to dismiss.

17            **2.    Persuasive Authority Addressing Patent Actions Also Supports The
                      Dismissal Of Bender's Amended Complaint For Lack Of Sufficient**
18            **Factual Matter.**

19        Cases from the Federal Circuit and various district Courts support dismissing Bender's

20   Amended Complaint.  The Federal Circuit has twice analyzed the sufficiency of patent

21   infringement complaints in the wake of the *Twombly* decision.[4]  Most recently, in *Colida v.*

22   _____

23        [4]  Each of these cases applied law of other circuits, and so is not binding on this Court.
     The Federal Circuit considers a motion to dismiss under Fed. R. Civ. P. 12(b)(6) to be a purely
24   procedural question not pertaining to patent law, which is thus governed by the law of the
     regional circuit in which the suit is pending.  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354,
25   1355-56 (Fed. Cir. 2007) (*citing C & F Packing Co., Inc. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed.
     Cir. 2000)).  Thus, this issue here is governed by the law of the Ninth Circuit.  The Ninth Circuit
26   recognizes that legal conclusions need not be accepted as true, and that without sufficient alleged
     facts, a complaint should be dismissed.  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d
27   1097, 1104 (9th Cir. 2008); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir.
     1994).  However, the Ninth Circuit has not yet published a case applying *Iqbal* and *Twombly* to a
28   patent case.

1   *Nokia, Inc.*, the Federal Circuit applied the law of the Second Circuit to dismiss a complaint

2   which gave far more specificity than Bender's Amended Complaint. *Colida v. Nokia, Inc.*, 2009-

3   1326, 2009 U.S. App. LEXIS 21909 (Fed. Cir. Oct. 6, 2009). Specifically, in *Colida* the

4   complaint did identify specific products accused of infringing a design patent, and the court

5   concluded that the complaint did not state a plausible claim for infringement because the

6   magistrate judge had compared the patent and the accused designs attached to the complaint and

7   concluded that the designs could not plausibly infringe. *Id.* at *3-5. In the present action,

8   Bender's Amended Complaint is weaker than the complaint dismissed in *Colida* – it does not

9   even allow the Court to engage in this basic infringement plausibility analysis because Bender has

10  not even identified which products he alleges infringe.

11      In the earlier pre-*Iqbal* Federal Circuit case of *McZeal v. Sprint Nextel*, the court applied

12  the law of the Fifth Circuit to hold that a patent complaint which alleged infringement by

13  ***particular products*** met the standards of *Twombly*. *McZeal*, 501 F.3d at 1357. Bender has

14  opposed other challenges to the sufficiency of his complaints pursuant to *Twombly* and *Iqbal* by

15  improperly seeking to rely upon *McZeal* and the sample patent infringement complaint set out in

16  Form 18 of the Federal Rules of Civil Procedure's Appendix of Forms. Given the Amended

17  Complaint and the factual context of this case, *McZeal* and Form 18 do not defeat the present

18  motion to dismiss Bender's claim for direct infringement. First, the *McZeal* decision involves a

19  complaint that included the very thing Bender's Amended Complaint lacked –  it "described the

20  means by which [the defendant] allegedly infringes" by accusing a specific product – referred to

21  as the Motorola i930 – of infringing the asserted patent. *Id.* ("McZeal's complaint alleges that

22  the '[Motorola i930] manufactured and distributed by the defendants, which claims to be an

23  'International Walkie Talkie Machine' and which purports to provide 'INTERNATIONAL

24  WALKIE TALKIE®' service or global wireless Voice Over Internet Protocol (VoIP)

25  communications' infringes his patent.") (brackets in original). Further, *McZeal* was decided

26  before the Supreme Court's *Iqbal* decision, which clarified that reviewing the adequacy of a

27  complaint is a context-specific task and that threadbare allegations supported by mere conclusory

28  statements are inadequate. *See Colida*, 2009 U.S. App. LEXIS 21909, at *6, n.2 (affirming

- 9 -

SHARP'S NOTICE AND MOTION TO DISMISS
CASE NO. C 09-02114 JF

dismissal of complaint alleging infringement of design patent and noting that notwithstanding *McZeal*, the sample pleading of Form 18 "was last updated before the Supreme Court's *Iqbal* decision"); *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 U.S. Dist. LEXIS 83715, at *7-8 (N.D. Cal. Sept. 14, 2009) (dismissing threadbare allegation of "directly and/or indirectly infringing" the patent; explaining that in view of *Twombly* and *Iqbal*, "neither *McZeal* nor Form 18 supports a conclusion that Apple has adequately pleaded its counterclaims") (citation omitted).[5]

Second, Form 18 of the Federal Rules is not comparable to Bender's amended complaint in the factual context of this case.  In Form 18, the complaint asserts a hypothetical patent for an invention in an "electric motor" and alleges that the hypothetical defendant is infringing the patent by making, selling and using "electric motors that embody the patented invention."  In circumstances where the defendant does not sell a myriad of different electric motors, making the alleged correspondence between the patent and accused products clear, the relatively sparse allegations of Form 18 may suffice to show a plausible basis for claiming relief.  But whether they do will depend on the context.  Here, Bender's patent is for a vary particular type of electronic circuit which he claims is included in a wide range of different product types, and the Amended Complaint fails to identify even one specific allegedly infringing Sharp product.  Form 18 is not comparable to this case and simply does not justify Bender's position.

This Court has dismissed patent infringement complaints that fail to allege sufficient facts regarding infringement.  Even prior to *Twombly*, this Court dismissed a complaint containing only vague accusations of infringement where numerous possible products were potentially at issue. *Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03-2517 MJJ, 2003 U.S. Dist. LEXIS 26092, at *4-7 (N.D. Cal. Sept. 6, 2003).  In dismissing plaintiff Hewlett-Packard's complaint, the Court persuasively argued that even Form 16 of the Federal Rules of Civil Procedure, a form that

---

[5]   What is more, the *McZeal* court specifically noted that the plaintiff was granted leeway on pleading requirements because he was pro se, and his pleadings thus "met the low bar for *pro se* litigants to avoid dismissal." *Id.* at 1358.  Here, Mr. Bender – who *is* represented by counsel and held to a higher standard than Mr. McZeal – has not identified *any* Sharp products as infringing

1    provides an example of a patent infringement pleading "simply does not address a factual

2    scenario of this sort." *Id.* at *6.  This Court has similarly dismissed several patent infringement

3    complaints in the wake of *Twombly* and *Iqbal*.  *See Bender v. Nat'l Semiconductor Corp.*, No. C

4    09-01151 JSW, 2009 U.S. Dist. LEXIS 113506 (N.D. Cal. Dec. 7, 2009) (dismissing a similar

5    complaint filed by Bender against a different defendant where the complaint did not identify

6    specific accused products); *Elan*, 2009 U.S. Dist. LEXIS 83715, at 4-5 (dismissing a complaint

7    because allegations that Elan "'has been and is currently, directly and/or indirectly infringing . . .

8    through its design marketing, manufacture and/or sale of touch sensitive input devices or

9    touchpads, including but no limited to the Smart-Pad' . . . plainly falls within the prohibition

10   against ' . . . mere conclusory statements.'") (*citing Iqbal*, 129 S. Ct. at 1949).

11       Other district courts have also dismissed patent infringement complaints for insufficient

12   factual allegations.  *See Tseng v. Marukai Corp.*, Case No. SACV 09-0968 AG (RNBx), 2009

13   U.S. Dist. LEXIS 112124, at *3-4 (C.D. Cal. Nov. 13, 2009) (dismissing a patent infringement

14   complaint for lack of sufficient facts where complaint did not identify accused products by name

15   or number but did attach a sales receipt with it argued "show[ed] the goods that are the subject of

16   an infringing transaction."); *AntiCancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal.

17   Aug. 13, 2007) (dismissing a complaint under *Twombly* for failing to specify sufficient facts).

18   **B.     The Requirement That A Complaint Be Dismissed If It Lacks Sufficient Facts
         Provides Crucial Protection And Notice For Defendants.**

19

20       The requirement for sufficient factual allegations in pleading carries "practical

21   significance," for defendants, *see Twombly*, 550 U.S. at 557, and should have at most a small

     impact on plaintiffs.

22

23   **1.     Bender Has Not Plead Sufficient Factual Matter To Require Sharp To
          Incur The Costs Of Discovery.**

24        By requiring sufficient factual matter in complaints to support a plausible claim, a court

25   protects defendants (and the court itself) from undergoing the expensive demands of discovery for

26   baseless claims.  *Twombly* emphasized that discovery is expensive and burdensome.  *Id.* 550 at

27   558-59.  Similarly, the Federal Circuit has also explicitly noted that a "patent suit can be an

28   expensive proposition.  Defending against baseless claims of infringement subjects the alleged

1   infringer to undue costs." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed.
2   Cir. 2000).

3       The Supreme Court stressed that neither "careful case management," nor "careful scrutiny
4   of evidence at the summary judgment stage," will protect defendants from incurring enormous
5   discovery costs over baseless claims as "the threat of discovery expense will push cost-conscious
6   defendants to settle even anemic cases before reaching those proceedings." *Twombly*, 550 U.S. at
7   559.  Instead, "it is only by taking care to require allegations that reach the [*Twombly* standards]
8   that we can hope to avoid the potentially enormous expense of discovery in cases with no
9   reasonably founded hope that the discovery process will reveal relevant evidence." *Id.*

10      For this reason the Supreme Court has held that the Federal Rules of Civil Procedure do
11  "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."
12  *Iqbal*, 129 S. Ct. at 1950.  Instead, it directs that "a district court **must retain the power to insist**
13  **upon some specificity in pleading** before allowing a potentially massive factual controversy to
14  proceed." *Twombly*, 550 U.S. at 558 (emphasis added).  Scrutiny at the pleading stage is crucial
15  "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of
16  other people, with the right to do so representing an *in terrorem* increment of the settlement
17  value." *Id.* (emphasis added) (quotations omitted); *see also Iqbal*, 129 S. Ct. at 1954 ("Because
18  respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or
19  otherwise.").

20      As discussed *supra*, Bender's Amended Complaint is armed with nothing more than
21  conclusions, and it does not plead sufficient specific facts to state a plausible claim of patent
22  infringement.  Thus, Bender should not be allowed to launch a potentially massive factual
23  investigation against Sharp.

24              **2.      Identification Of Specific Sharp Products Alleged To Infringe Is
                        Information That Rule 11 Required Bender To Have Before Bringing
25                      Suit.**

26      Bender cannot complain that requiring him to identify specific accused Sharp Products is
27  burdensome on him, because Rule 11 required him to have that information before he filed this
28  action.  Specifically, Rule 11 required Bender "to, at a bare minimum, apply the claims of each

and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted," prior to bringing this suit.  *View Eng'g*, 208 F.3d at 986; *see also Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997) (overturning a denial of Rule 11 sanctions where "[n]o adequate explanation was offered for why [patentee and his counsel] failed to obtain, or attempted to obtain, a sample of the accused device from the [defendant] or a vendor so that its actual design and functioning could be compared with the claims of the patent"); *Network Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079-VRW, 2002 U.S. Dist. LEXIS 26098 at *16 (N.D. Cal. Aug. 13, 2002) ("FRCP 11 requires that a plaintiff compare an accused product to its patents on a claim by claim, element by element basis for at least one of each defendant's products.").  Given that Bender was already required to perform such analysis on Sharp products, he should not now be permitted to hide the identity of which specific products he thus believes infringe behind "conclusory allegation" of infringement.  *See Twombly*, 550 U.S. at 565 n.10.

### 3.   Sharp Is Entitled To Fair Notice Of What Products Are Accused Of Infringement So That It Can Defend This Suit.

Cases that do proceed to discovery require the *Twombly* and *Iqbal* standard of sufficient factual allegations to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," so that a defendant may efficiently undertake its defense.  *Twombly*, 550 U.S. at 555 (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Here "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin."  *Id.* at 566.  Contrary to the *Twombly* and *Iqbal* requirement for factual allegations in pleading,  Bender's Amended Complaint does not apply the claims of his patent ***to a single Sharp product***.  Bender has not alleged ***facts*** entitled to the presumption of truth to support showing infringement.

Instead, Bender's Amended Complaint only contains the conclusory allegation that Sharp has infringed "one or more" of 25 claims of Bender's patent "without limitation," with Sharp products including those that fall into any of 23 categories of electronic devices, again "without limitation."  (D.I. 40 at 8.)  Bender does not even identify what time period he believes infringement occurred, much less identify individual products.  (*See id.*)  Instead, Bender seeks to

impose on Sharp to defend every product it has ever made that might fall into one of Bender's general categories to determine whether it has the very specific elements of Bender's claims. The Court should not shift Bender's pre-filing investigation requirement to Sharp just because Bender has made clear he will not meet his burden of proper pleading. Bender's patent does not cover all general categories of electronic devices that Bender has listed. Rather, Bender's patent claims only very specific types of circuits, such as an electrical circuit having:

> a first input buffer, having a single, non-inverting input of high
> impedance, an open loop voltage gain not exceeding unity, and a
> low impedance output;
> a first current rail traversing through said first input buffer for
> supplying currents to said first buffer's low impedance output;
> a pair of opposing current mirrors whose inputs are connected to
> said first current rail of said first input buffer and whose outputs
> are combined together;
> a load resistor connected to output of said first input buffer, the
> combination of said first buffer, said opposing current mirrors
> and said load resistor forming a first input stage;
> a second input stage, similar in form and function to said first input
> stage, wherein the input of said second input stage is connected
> to the combined outputs of the opposing current mirrors of said
> first input stage;
> a third output buffer having a single, non-inverting input and a low
> impedance output and transversing current rail is attached to the
> combined current mirror outputs of said second input stage;
> dual voltage supply rails for driving said first and second input
> stages and said third output buffer; and
> feedback means connecting a final output to the load resistors of at
> least one of said first and second input stages.

(D.I. 1-2 at 29, claim 8.) Requiring Sharp to defend infringement allegations of such minutely detailed patent claims against an amorphous conglomerations of product types – no matter how different the circuitry is in the multitude of various devices – is unreasonable.

Sharp "should not have to guess which of its products infringe nor guess how its products might fall within [Bender's] interpretation of the claims of the patent" at issue. *Bay Indus. v. Tru-Arx Mfg.,* No. 06-C-1010, 2006 U.S. Dist. LEXIS 86757, *5 (E.D. Wis. Nov. 29, 2006). By proposing to accuse a large array of unspecified products, Bender in effect is requiring Sharp to compare its numerous products to the 52 claims of the '188 patent in order to defend this case. *See id.* (requiring defendant to compare its approximately 40 products to at least 20 claims in order to formulate an answer is an unreasonable burden on defendant). Absent factual specificity,

1   however, *Iqbal* precludes Bender's attempt to "unlock the doors of discovery" under the facts of

2   this case.  Bender's strategy in this case of "sue first, accuse everything, ask questions later" that

3   he has demonstrated in the circumstances of this action comports with neither the letter nor the

4   spirit of the Federal Rules of Civil Procedure and Supreme Court precedent.  Under Fed. R. Civ.

5   P. 8, Bender must state **factual allegations**, which, if true, would show an entitlement to relief.

6   He has not done this.  Bender's Amended Complaint against Sharp should be dismissed.

7       **C.   If Bender's Infringement Allegations Against Sharp Are Not Dismissed, Sharp Seeks A More Definite Statement Pursuant To Rule 12(e).**

8

9       In the event the Court determines that Bender's Amended Complaint should not be

10   dismissed, Sharp requests, pursuant to Fed. R. Civ. P. 12(e), a more definite statement of

11   Bender's infringement allegations.  Specifically, Sharp seeks a list of the Sharp products that

12   Bender claims infringe the '188 Patent.  "If a pleading fails to specify the allegations in a manner

13   that provides sufficient notice, a defendant can move for a more definite statement under Rule

14   12(e) before responding." *Swierkiewicz v. Sorema NA.,* 534 U.S. 506, 514 (2002).  A Rule 12(e)

15   motion is appropriate when the complaint is "so vague or ambiguous that the opposing party

16   cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Sefton*

17   *v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000) (citation omitted).

18       Courts have been clear that it is improper for the plaintiff to "foist the burden of

19   discerning what products it believes infringe the patent onto defense counsel." *eSoft, Inc. v.*

20   *Astaro Corp.*, No. 06-cv-00441-REB-MEH, 2006 U.S. Dist. LEXIS 52336, at *4 (D. Colo. July

21   31, 2006).  This is precisely what has happened here; Bender's Amended Complaint improperly

22   shifts the burden to Sharp to determine which products Bender might accuse.  *See Bay Indus.*,

23   2006 U.S. Dist. LEXIS 86757, at *5 ("Defendant should not have to guess which of its products

24   infringe nor guess how its products might fall within plaintiff's interpretations of the claims of the

25   patent.").  In *Bay*, the court found that requiring the "defendant to compare its approximately 40

26   products to at least 20 claims" of the patent presented an "unreasonable burden" on the defendant.

27   *Id.* at *5.  The situation here is far worse, with Sharp having to compare any Sharp products that

28

"without limitation" may fall into any of 23 categories of electronic devices to the 25 claims Bender has identified.

Faced with similar situations, in which plaintiffs have failed to identify the accused infringing products, courts have repeatedly required plaintiffs to provide a more definite statement.  *See, e.g., Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008) (granting a motion for a more definite statement because "[a]lthough plaintiff lists a few examples of allegedly infringing products in its complaint, it fails to specify which claims it believes are infringed and seeks to assert infringement of many unspecified products . . . defendants cannot respond to plaintiff's allegations without undue burden and prejudice."); *Bay Indus.*, 2006 U.S. Dist. LEXIS 86757, at *5-6 (granting a motion for a more definite statement where the plaintiff failed to identify any allegedly infringing product or set forth a limiting parameter); *eSoft*, 2006 U.S. Dist. LEXIS 52336, at *4 (granting a motion for a more definite statement where the complaint failed to identify any particular product that infringed the plaintiff's patent); *Agilent Techs., Inc. v. Micromuse, Inc.*, No. 04 Civ. 3090 (RWS), 2004 U.S. Dist. LEXIS 20723, at *16 (S.D.N.Y. Oct. 19, 2004) ("[Defendant] is entitled to know which of its products or services are alleged to have infringed [plaintiff's] patents and a more definite statement setting forth that information is appropriate."); *In re Papst Licensing GmbH Patent Litig.*, MDL 1298, 2001 U.S. Dist. LEXIS 2255, at *4-5 (E.D. La. Feb. 22, 2001) (granting a motion for a more definite statement where the allegations of infringement encompassed any of defendant's product that contained a hard disk drive).

Requiring Bender to amend will also promote judicial efficiency and integrity.  A more definite statement will focus the discovery process and expedite the case.  *Bay Indus.*, 2006 U.S. Dist. LEXIS 86757, at *5-6 ("Without a more definite statement of the complaint, plaintiff may seek discovery of [defendant's]·entire line of products, which will engender controversies over the proper boundaries of discovery.  Such controversies will impose unnecessary costs on the parties and, most likely, on the court . . . .").  In addition, a more definite statement is a step toward ensuring that Bender had a proper basis for bringing suit in the first place.  *Id.* at *7

1    ("Assuming plaintiff has properly investigated his claim before filing suit, there is no reason not

2    to inform the defendant precisely which products are at issue.")

3    **IV.     CONCLUSION**

4           For the reasons stated above, Defendant respectfully request that the Court dismiss

5    Plaintiff's Amended Complaint.  In the alternative, Defendant respectfully seeks a more definite

6    statement of the infringement claims asserted against it before preparing and serving an answer.

7                                            Respectfully submitted,

8    Dated: December 17, 2009               Jones Day

9

10                                          By:    /s/ Greg Lippetz

11                                              Greg L. Lippetz
                                                State Bar No. 154228
12                                              JONES DAY
                                                Silicon Valley Office
13                                              1755 Embarcadero Road
                                                Palo Alto, CA  94303
14                                              Telephone:    650-739-3939
                                                Facsimile:    650-739-3900
15
                                            Counsel for Sharp Electronics Corporation
16

17   SVI-72055v

18

19

20

21

22

23

24

25

26

27

28

SVI-75701v1                                              SHARP'S NOTICE AND MOTION TO DISMISS
                                    - 17 -                CASE NO. C 09-02114 JF